UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

ASHLEY TURNER,
on behalf of herself and others
similarly situated,

        Plaintiff,

v.                                       Civil Action No. 3:21cv30

FABER & BRAND, LLC,
JARED L. BUCHANAN,
JEREMY FORREST,
PETERSBURG HOSPITAL COMPANY, LLC,
d/b/a SOUTHSIDE REGIONAL MEDICAL
CENTER,
and
PROFESSIONAL ACCOUNT SERVICES, INC.,

        Defendants.

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW, the Plaintiff, Ashley Turner ("Ms. Turner") on behalf of herself and all others similarly situated, by counsel, and as for her Complaint against Defendants, she alleges as follows:

## INTRODUCTION AND PRELIMINARY STATEMENT

1.      Plaintiff Ashley Turner on behalf of herself and all others similarly situated, bring this action for damages and declaratory relief against Defendants Faber & Brand LLC and Jared L. Buchanan (collectively "Faber & Brand"), Jeremy Forrest, along with Professional Account Services, Inc. ("PASI"), asserting that these Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq*. ("FDCPA"). With the COVID-19 pandemic surging, these Defendants, through Faber & Brand, a Missouri collection mill law firm, for the purpose of collecting money, knowingly mailed, sent, or otherwise used or caused to be used writings

simulating or intended to simulate legal process, in the form of a Virginia Supreme Court form DC-412, DC-414, DC-428 Warrant in Debt, and thereby commanded Virginia consumers to appear in Virginia General District Courts based on false representations that they had been sued on claims of alleged unpaid medical debt.

2.      This action is also brought against Petersburg Hospital Company, LLC, d/b/a Southside Regional Medical Center ("SRMC"), for the hospital's negligence in handling its medical services account billing, and its selection and retention of PASI to perform medical billing and collection services for it, and for its violations of the Virginia Consumer Protection Act, Va. Code § 59.1-196 *et seq*. ("VCPA").

3.      Finally, this action is brought against all defendants for their fraud.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and the FDCPA, 15 U.S.C. § 1692k(d), and has supplemental jurisdiction of the state law claims regarding the same transaction and events under § 28 U.S.C 1367(a).

5.      Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) as Defendants' conduct alleged herein occurred in this Division of this Court. Plaintiff Ashley Turner is a resident of this Division.

## PARTIES

6.      Plaintiff Ashley Turner ("Ms. Turner") is a natural person who resides in Virginia and in this District and Division. Ms. Turner is a consumer within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(3).

7.      Defendant Faber & Brand LLC is a collections law firm based in Columbia, Missouri. According to its website:

**Faber and Brand LLC has been providing legal solutions to the collection industry since 1998. We have worked hard to develop excellent working relationships in each of the Jurisdictions where we practice.**

https://faberbrand.com/. Last visited January 19, 2021.

The jurisdictions in which Faber & Brand practices as shown on its website include Virginia and eight other jurisdictions. https://www.faberbrand.com/service-area-map (January 19, 2021). Specifically with respect to the collection services that it provides in Virginia, Faber & Brand states the following on its website:

> We represent many different types of creditors including Hospitals, credit card companies, Insurance companies, banks, and collection agencies.

https://faberbrand.com/contact. Last visited January 19, 2021.

8.     Defendant Jared L. Buchanan ("Mr. Buchanan") is an associate attorney at the law firm Faber & Brand, LLC. According to the firm's website:

> Jared is Licensed to practice in Missouri, Arizona, and Illinois. He started with Faber and Brand in 2014. Jared graduated from the University of Missouri-Kansas City School of Law.

https://faberbrand.com/about. Last visited January 19, 2021.

9.     Jeremy Forrest ("Mr. Forrest") is a licensed Virginia attorney.

10.    Defendant Petersburg Hospital Company, LLC is a limited liability corporation, that owned and operated Southside Regional Medical Center, and has as its registered agent B. Page Gravely, Jr., Hancock, Daniel & Johnson, PC, 4701 Cox Road, Suite 400, Glen Allen, Virginia 23060.

11.    Defendant Professional Account Services, Inc. ("PASI") is a foreign corporation, the principal purpose of whose business is the collection of debts, operating a collection agency, with its principal place of business located at 4000 Meridian Blvd., Franklin, TN 37067, and has

as its registered agent Justin Pitt, c/o Community Health Systems, 4000 Meridian Blvd., Franklin, TN 37067. According to its website:

> **PASI, was established in 1987 for the sole purpose of providing accounts receivable collection services.**

http://www.collectivelydifferent.com/index.htm. Last visited January 19, 2021.

12.    Defendants Faber & Brand, Buchanan, Forrest, and PASI regularly collect or attempt to collect debts owed or due or asserted to be owed or due another, and are "debt collectors" within the meaning of the FDCPA, as defined at 15 U.S.C. § 1692a(6).

## STATEMENT OF FACTS

13.    SRMC retains PASI to collect medical debts for it.

14.    PASI retains Faber & Brand to help it collect defaulted medical debts for SRMC.

15.    Faber & Brand uses its attorneys like Buchanan and Forrest when it seeks to collect medical debts for SRMC.

16.    Exhibit A is a copy of a purported Warrant in Debt listing Petersburg Hospital Company, LLC, d/b/a Southside Regional Medical Center ("SRMC") as Plaintiff and Ms. Turner as Defendant.

17.    The first page of Exhibit A bears a date of "April 3, 2020."

18.    The first page of Exhibit A contains the following typewritten signature, specified as that of "PLAINTIFF'S ATTORNEY": "/s/ Jared L. Buchanan."

19.    The first page of Exhibit A sets forth as "ATTORNEY FOR PLAINTIFF(S)": "Jared Lee Buchanan VA#95100, Jeremy Forrest VA#89170 Faber and Brand, LLC PO Box 10110 Columbia, MO 65205."

20.    The second page of Exhibit A contains among other things the following:



21.     Faber & Brand is a collection mill law firm based in Missouri.

22.     The third page of Exhibit A, entitled AFFIDAVIT, purports to have been executed on May 29, 2019, by an "Authorized agent/custodian of Patient Accounts" whose signature, shown below, is illegible and whose name is not otherwise set forth in the Affidavit, in the presence of Judy Dobrotka, a Notary Public located in Northampton County, Pennsylvania.

BY: _____
Authorized agent/custodian of Patient Accounts

23.     The first page of Exhibit A contains the following:

**WARRANT IN DEBT** (CIVIL CLAIM FOR MONEY)
Commonwealth of Virginia     VA. CODE § 16.1-79

DINWIDDIE ......................................................... General District Court
CITY OR COUNTY
P.O. BOX 280, DINWIDDIE COURTHOUSE, DINWIDDIE, VA 23841-0280
STREET ADDRESS OF COURT

TO ANY AUTHORIZED OFFICER: You are hereby commanded to summons the Defendant(s).
TO THE DEFENDANT(S): You are summoned to appear before this Court at the above address on
06/02/2020 01:00PM
..................................................... to answer the Plaintiff(s)' civil claim (see below)
RETURN DATE AND TIME

24.     Upon receipt of Exhibit A, by mail, Ms. Turner sought the assistance of an attorney.

25.     The undersigned, Dale W. Pittman, appeared on Ms. Turner's behalf in Dinwiddie General District Court on June 2, 2020 at 1:00 PM.

26.     Defendant Jeremy Forrest was in the Dinwiddie General District Court on June 2, 2020 at 1:00 PM for the 1:00 PM docket.

27.     The Deputy Clerk of Dinwiddie General District Court called several Petersburg Hospital Company, LLC, d/b/a Southside Regional Medical Center cases that were actually on the docket that day.

28.     Defendant Jeremy Forrest rose and appeared on behalf of Petersburg Hospital Company, LLC, d/b/a Southside Regional Medical Center for each of the cases that were actually listed and called on the Court's docket on June 2, 2020.

29.     The cases showing on the docket for Petersburg Hospital Company, LLC, d/b/a Southside Regional Medical Center, were the last matters scheduled to be heard on the Dinwiddie General District Court docket on June 2, 2020, and they were called and then administered by the Court.

30.     The purported action against Ms. Turner was not actually on the docket.

31.     The purported action against Ms. Turner was not called.

32.     Despite the Court's docket having been concluded for the day, many people were still sitting in the courtroom.

33.     The Court inquired as to whether any of the people remaining in the courtroom were there for matters involving Petersburg Hospital Company, LLC, d/b/a Southside Regional Medical Center.

34.     Every person remaining in the courtroom stood up.

35.     The Court asked the remaining people why they had come to Court that day.

36.     The people remaining in the courtroom told the Court that they were there because they had received, by mail, copies of Warrants in Debt indicating that they had been sued by Petersburg Hospital Company, LLC, d/b/a Southside Regional Medical Center.

37.     Defendant Jeremy Forrest was present in the courtroom during this inquiry.

38.     Just like on June 2, 2020, on June 15, 2020, the docket of the Colonial Heights General District Court included at least nine cases filed by Petersburg Hospital Company, LLC.

39.     Defendant Jeremy Forrest was present in the courtroom.

40.     Mr. Forrest rose and appeared on behalf of Petersburg Hospital Company, LLC in each of the cases that were called on that day.

41.     Mr. Forrest then left the courtroom.

42.     After his departure, a number of people remained who were in Court because they thought they had been sued by Petersburg Hospital Company, LLC, d/b/a Southside Regional Medical Center.

43.     These people were in the courtroom because, just like Plaintiff and the other people in Dinwiddie General District Court on June 2, 2020, they had received, by mail, copies of Warrants in Debt indicating that they had been sued by Petersburg Hospital Company, LLC, d/b/a Southside Regional Medical Center.

44.     Any ordinary Virginia resident receiving a document like Exhibit A would necessarily think they were commanded to appear in Court on the date indicated.

## CLASS ACTION ALLEGATIONS CLASS

45.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for herself and on behalf of a class initially defined as follows:

> All Virginia residents who received by U.S. Mail a purported Warrant in Debt, Virginia Supreme Court form DC-412, DC-414, DC-428, in the form of Exhibit A, listing as Plaintiff Petersburg Hospital Company, LLC, d/b/a Southside Regional Medical Center represented by Faber and Brand, as to whom Warrants in Debt were not actually filed, during the one-year period prior to the filing of the Complaint in this matter.

46.     **Numerosity. Fed. R. Civ. P 23(a)(1)** Upon information and belief, Plaintiff alleges that the class members are so numerous that joinder of all is impractical. The names and addresses

Page 7

of the class members are identifiable through the internal business records maintained by Defendants, and the class members may be notified of the pendency of this action by published and/or mailed notice.

47.     **Predominance of Common Questions of Law and Fact.** **Fed. R. Civ. P. 23(a)(2)** Common questions of law and fact exist as to all members of the putative class, and there are no factual or legal issues that differ between the putative class members. These questions predominate over the questions affecting only individual class members. The principal issues are:

A.     Whether Faber & Brand, LLC, Jared L. Buchanan, Jeremy Forrest, and PASI are each debt collectors.

B.     Whether Defendants' conduct in the form of mailing simulated Warrants in Debt to persons who were not actually sued violated the FDCPA.

C.     Whether each of these alleged debt collectors participated in the mailing of simulated Warrants in Debt to persons who were not actually sued violated the FDCPA.

D.     Whether SRMC was negligent in hiring the entities it did to collect on its debts.

E.     Whether SRMC's conduct violated the VCPA.

F.     Whether material misrepresentations were made such that Defendants committed actual fraud.

G.     The amount of punitive damages to be assessed.

48.     **Typicality. Fed. R. Civ. P. 23(a)(3)** Plaintiff's claims are typical of the claims of each putative class member. In addition, Plaintiff is entitled to relief under the same causes of action as the other members of the putative class. All are based on the same facts and legal theories.

49.     **Adequacy of Representation. Fed. R. Civ. P. 23(a)(4)** Plaintiff is an adequate representative of the putative class, because her interests coincide with, and are not antagonistic

to, the interests of the members of the Class she seeks to represent; she has retained counsel competent and experienced in such litigation; and she has and intends to continue to prosecute the action vigorously. Plaintiff and her counsel will fairly and adequately protect the interests of the members of the Class. Neither Plaintiff nor her counsel have any interests which might cause her not to vigorously pursue this action.

50.     **Superiority. Fed. R. Civ. P. 23(b)(3)** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The damages sought by each member are such that individual prosecution would prove burdensome and expensive. It would be virtually impossible for members of the Class individually to effectively redress the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the legal and factual issues raised by Defendants' conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

51.     **Injunctive Relief Appropriate for the Class. Fed. R. Civ. P. 23(b)(2).** Class certification is appropriate because Defendants have acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members.

## <u>COUNT ONE:</u>

**VIOLATIONS OF THE FDCPA AGAINST DEFENDANTS FABER & BRAND, JARED L. BUCHANAN, JEREMY FORREST, AND PASI, 15 U.S.C. § 1692e**

52.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

53.     Defendants used false, deceptive, or misleading representations or means in connection with the collection of the purported debt, in violation of 15 U.S.C. § 1692e, including, among other things, violations of § 1692e(2)(A), by the use of false representations as to the character, amount, or legal status of the purported debt; violations of § 1692e(9), by use or distribution of any written communication which simulates or is falsely represented to be a document authorized or issued by a Virginia General District Court, or which creates a false impression as to its source, authorization or approval; violations of § 1692e(13), by the false representation or implication that documents are legal process; and more generally of § 1692e(10), by the use of false or misleading representations or deceptive means to collect or attempt to collect the alleged medical services debt.

54.     These violations caused concrete harm to Plaintiff and each of the class members.

55.     The concrete harm includes that Plaintiff and each of the class members received an official looking court document that commanded them to appear in Court when that was not true, and falsely telling someone they are being sued is necessarily causing concern over something that is not true.  Furthermore, Plaintiff and others actually took time from their lives and appeared in Court, or retained a lawyer to appear for them, even though no case had been filed against them. Others, under the false threat of this lawsuit will have called one or more of the Defendants. Each of these are concrete harms.

56.     Plaintiff and the putative class members are therefore entitled to actual and statutory damages against Defendants, as well as their reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k.

## COUNT TWO:

### VIOLATION OF THE VIRGINIA CONSUMER PROTECTION ACT, AGAINST PETERSBURG HOSPITAL COMPANY, LLC, Va. Code § 59.1-196 *et seq.*

57.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

58.     The transactions and course of dealing between SRMC and Ms. Turner and the other class members were covered by and subject to the provisions of the Virginica Consumer Protection Act, Va. Code § 59.1-196 *et seq.*

59.     The VCPA applies to ". . . fraudulent acts or practices committed by a supplier in connection with a consumer transaction . . ." Va. Code § 59.1-200.

60.     Defendant is a "supplier" under the VCPA, defined at § 59.1-198(6) as "a seller . . . or professional who engages in consumer transactions . . . ."

61.     The transactions in question were "consumer transactions" under the VCPA, defined at § 59.1-198(1) as "the sale . . . of . . . services to be used primarily for personal, family or household purposes . . .", i.e. healthcare services.

62.     The VCPA "shall be applied as remedial legislation to promote the fair and ethical standards of dealings between suppliers and the consuming public." Va. Code § 59.1-197.

63.     In this action, through its chosen agents' misrepresentations with respect to the actual filing of Warrants in Debt, SRMC violated the prohibition contained in Va. Code § 59.1-200(A)(14) against using any deception, fraud, false pretense, false promise, or misrepresentation in connection with a consumer transaction.

64.     As a result of the VCPA violations, Plaintiff and others similarly situated suffered concrete harm in the form of actual damages, including but not limited to expenses, lost time, inconvenience, and distress.

65.     Defendants' actions were willful violations of the VCPA. To the extent Defendants' actions were not willful, they were negligent and not the result of a bona fide error.

66.     Plaintiff and the putative class members are entitled to recover actual damages, statutory damages, costs, and attorneys' fees from the Defendant in an amount to be determined by the Court pursuant to Va. Code § 59.1-204.

## COUNT THREE:

## NEGLIGENCE – AGAINST PETERSBURG HOSPITAL COMPANY, LLC

67.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

68.     SRMC was negligent in:

A.      handling its medical services billing accounts;

B.      selecting and instructing PASI to perform its collections work;

C.      allowing PASI to retain the remaining Defendants to send and pursue false Warrant in Debts.

69.     As a direct and proximate result of SRMC's negligence, Plaintiff and the putative class members have suffered concrete harm and actual damages and injury, including but not limited to, loss of peace of mind, distress and suffering, humiliation, and lost time.

## COUNT FOUR:

## FRAUD – AGAINST ALL DEFENDANTS

70.     Plaintiff restates each of the allegations in the preceding paragraphs as if set forth at length herein.

71.     Defendants falsely represented that Plaintiff and the putative class members had been sued, when in fact Defendants had not filed Warrants in Debt.

72.     By mailing simulated Warrants in Debt to persons who were not actually sued, Defendants falsely and materially misrepresented that Plaintiff and the putative class members had been commanded to appear in a Virginia General District Court.

73.     Defendants knowingly and intentionally mailed simulated Warrants in Debt intending that Plaintiff and the other class members would rely on them, intending that they would think that an action had been filed against them, and then be concerned about that action.

74.     Plaintiff and the other class members reasonably relied on these false representations and suffered harm as a result.

75.     Ms. Turner and the putative class suffered concrete injury as result of this fraud, including but not limited to, lost time, loss of peace of mind, humiliation and other emotional distress and suffering.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Ashley Turner requests that the Court enter judgment on behalf of herself and the class she seeks to represent against Defendants for:

A.     Certification for this matter to proceed as a class action;

B.     Declaratory relief that the use of Exhibit A violates the FDCPA as alleged;

C.     Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(B);

D.     One non-duplicative award of actual damages;

E.     Statutory damages pursuant to Va. Code § 59.1-204 in the minimum amount of $1,000.00 per violation, or treble actual damages, but, for any non-willful violation, actual damages or a minimum of $500.00;

F.     Punitive damages in an amount not to exceed $350,000.00;

G.     Attorney's fees, litigation expenses and costs of suit pursuant to 15 U.S.C.§1692k(a)(3) and Va. Code § 59.1-204(b);

H.     Such other or further relief as the Court deems proper.

Respectfully submitted,
ASHLEY TURNER.
By Counsel

   /s/ Dale W. Pittman
By: Dale W. Pittman, VSB#15673
THE LAW OFFICE OF DALE W. PITTMAN, P.C.
The Eliza Spotswood House
112-A West Tabb Street
Petersburg, VA 23803
(804) 861-6000
(804) 861-3368 Facsimile
dale@pittmanlawoffice.com

Thomas D. Domonoske, VSB #35434
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1A
Newport News, VA 23606
(540) 442-7706
tom@clalegal.com

*Counsel for Plaintiff*